Estate of Smith M. Flickinger, Deceased, Burt P. Flickinger and Glenn W. Flickinger, Executors v. Commissioner.
Estate of Flickinger v. Commissioner
Docket No. 657.
United States Tax Court
1943 Tax Ct. Memo LEXIS 84; 2 T.C.M. (CCH) 915; T.C.M. (RIA) 43455; October 16, 1943
*84 After granting income to his wife for life and then to his two sons if he survived his wife, decedent gave the remainder of a trust upon the death of the survivor of himself and his wife to the two sons in equal shares; if either son should then be dead, his share was to go to his issue, if any, otherwise to the surviving brother or his issue per stirpes. Decedent was survived by his wife, two sons and four grandsons. Held, the very remote possibility that decedent might have survived his two sons and their issue and thereby reacquired the trust property upon a resulting trust does not make the transfer one intended to take effect in possession or enjoyment at or after decedent's death within the meaning of section 811(c) of the Internal Revenue Code. Ralph S. Ulsh, Esq., 505 Iroquois Bldg., Buffalo, N. Y., for the petitioners. Harold D. Thomas, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The Commissioner determined a deficiency in estate tax in the sum of $68,865.38. The only issue presented for our decision is whether a gift in trust was a transfer intended to take effect in possession or enjoyment at or after the grantor's death within the *85 meaning of section 811(c) of the Internal Revenue Code. The return was filed in the 28th district of New York. [The Facts] Petitioners are the executors of the estate of Smith M. Flickinger, known herein as the decedent, who died a resident of Buffalo. New York, on April 20, 1939. Decedent was survived by his widow Louise, two sons, Burt and Glenn, and four grandsons. At the date of his death both decedent and his wife were 75 years of age, Burt was 43 years of age and Glenn was 37 years of age. Burt and Glenn each had two sons, the former's having been born in 1926 and 1928, respectively, and the latter's in 1932 and 1936, respectively. All the persons who survived decedent are now living except the widow Louise who died May 17, 1943. On February 14, 1931, decedent created a trust in New York. The entire net income of the trust was to be paid to his wife Louise during their joint lives. If decedent died first, the income up to the sum of $30,000 per year was to be paid thereafter to the widow Louise, any excess to be divided equally between Burt and Glenn. If the income of Louise from all sources, including the trust, should be less than $30,000 in any year after decedent's *86 death, she was given the right to demand from the trust corpus an amount to make up the sum of $30,000 when added to her income. If Louise should predecease decedent, the income of the trust during the balance of decedent's lifetime was to be divided equally between Burt and Glenn. Upon the death of the survivor of decedent and his wife the trust was to terminate and the corpus was to be divided into two equal shares and paid over, share and share alike, to Burt and Glenn. The trust provided that if either Burt or Glenn should die before termination of the trust, "the share of said decedent, both as to income and principal, shall pass to and be divided equally among the issue of said decedent, per stirpes and not per capita; but if either die without issue prior to the termination of said trust, the share of said decedent, both as to principal and income, shall pass to the surviving brother (or if he also be deceased to his issue, share and share alike, per stirpes and not per capita." The trust terminated in accordance with its provisions on May 17, 1943, when the survivor of decedent and his wife died. The gross income of the trust was $32,336 in each of the *87 years 1932, 1936, 1937, 1942, and 1943; and the gross income of the trust was $24,252 for each of the years 1933, 1934, 1935, 1938, 1939, 1940, and 1941. At the date of decedent's death, April 20, 1939, the value of the trust corpus was $444,620; the value of the trust corpus after deducting the value of the widow's life estate was $343,473.40, which is the amount added by the Commissioner to decedent's gross estate; and the value (based upon the Actuaries or Combined Experience Table of Mortality with interest at 4 per cent per annum) of the possibility that the trust corpus would revert to decedent if he survived Louise, Burt, Glenn and the four grandsons, was $0,29137. [Opinion] The Commissioner determined that the gift in trust, excluding the value of the widow's life interest, was a transfer intended to take effect in possession or enjoyment at or after decedent's death. He advances substantially the same arguments in support of his determination as were advanced in Estate of Ellen Portia Conger Goodyear, 2 T.C. 885; Estate of Mabel H. Houghton, 2 T.C. 871; Estate of Lester Hofheimer, 2 T.C. 773; *88 and Estate of Charles Delany, 1 T.C. 781, and in those cases the issue went for the taxpayers. When the trust in question here was created decedent was 67 years old and had two sons under 35 years of age and two grandsons of two and four years, respectively. When he died two more grandsons, potential remaindermen, had been born. The chance that by operation of law decedent would reacquire the trust property upon failure of the trust was so remote that it was worth only 29 cents on $444,000. Upon these facts and for the reasons given in the above cases and those cited therein we conclude that the transfer in trust was not intended to take effect in possession or enjoyment at or after decedent's death. Decision will be entered under Rule 50.